# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| Deborah Sneed, | ) |
| Plaintiff, | ) Civil Action File No.: |
| v. | ) |
| Frontline Asset Strategies, LLC | ) **COMPLAINT WITH** |
| | ) **JURY TRIAL DEMAND** |
| Defendant | ) |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq.

## PARTIES

1. Plaintiff, Deborah Sneed, is a natural person who resides in Cleveland, Georgia.

2. Defendant, Frontline Asset Strategies, is a limited liability corporation authorized to do business in the State of Georgia and can be served through it

1

registered agent, C.T. Corporation System, 289 S. Culver Street, Lawrenceville, Georgia, 30046-4805

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Gainesville Division because the conduct complained of herein occurred in Cleveland, Georgia which is in the Gainesville Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a charge account used for ordinary consumer goods and services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Plaintiff is disabled and unable to engage in gainful employment. Asa result, she has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

13. In an effort to gain some control over her finances, the Plaintiff accessed her credit report as published by the three major bureaus. In reviewing this report she noted a tradeline being reported by an entity she did recognize and listed as "The Bureaus Inc."

14. The Plaintiff contacted The Bureaus who in turn directed Plaintiff to the Defendant stating that it was handling the collection of the account.

15. Plaintiff contacted the Defendant on October 8th, 2020.

16. After verifying the Plaintiff's identity, the Defendant confirmed that it was collecting an account for Capital One N.A. in the amount of $622.77. The Defendant further advised that the account was now owned by Bureau Investment Group Portfolio No. 15, LLC, a national purchaser of defaulted consumer debt.

17. Plaintiff and Defendant's representative discussed the account generally, and methods by which the Plaintiff could resolve the account including spreading out payments over time.

18. The Plaintiff advised that she would have to sit down and go through her budget and find the best way for her to handle her debt. She also advised the Defendant that she was disabled and takes medication during the day that affects her ability to handle her affairs and that she needs to rest. The Plaintiff specifically asked that she not be called during the day.

19. The Defendant acknowledged her request and informed the Plaintiff that she could call him back before 6:00. The Plaintiff was led to believe that the Defendant would honor her request.

20. In contrast to the Defendant's representations, it placed collection calls to her on October 9th, 12th, and 13th all at times it knew to be inconvenient and difficult for the Plaintiff.

## INJURIES-IN-FACT

21. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

22. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

23. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

24. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

25. Defendants acts physically disturbed the Plaintiff and added to her anxiety.

26. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

27. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a.) Being subjected to unfair debt collection practices;

   b.) Disruption of her day by having to address Defendant's calls;

   c.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

   d.) Anxiety and worry caused by concern that Plaintiff was going to continue calling at times when it knew Plaintiff had decreased ability to manage her affairs. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

### COUNT I

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though fully stated herein.

### *Violations of 15 U.SC. § 1692c and subparts*

29. A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at a time or place known or which should be known to be inconvenient to the consumer.

30. The calls made by the Defendant and described in enumeration 21 were made with the actual knowledge that they would not only be inconvenient for the Plaintiff, but would actually be difficult for her to handle competently.

31. The calls made by Defendant and referenced herein violated 15 U.S.C. § 1692c(a)(1).

### *Violations of 15 U.SC. § 1692e and its subparts*

32. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

33. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

34. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

35. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

36. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

37. Defendant led the Plaintiff to believe it would honor her request to limit its collection to a time when she was not resting or under the effects of her

medication. This was objectively false and materially misleading and a violation of

15 U.S.C. §§ 1692e and 1692e(10)

Respectfully submitted this 22nd day of October, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*